IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAMIAH JEFFERSON,

                     Petitioner,

  v.                                                     OPINION and ORDER

E. EMMERICH,                                         25-cv-941-jdp

                     Respondent.

---

Petitioner Ramiah Jefferson, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Dkt. 1. Jefferson contends that Bureau of Prison officials have denied him an unspecified number of time credits under the First Step Act that, if applied to his sentence, would expedite his release date, which is almost eight years from now.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition because Jefferson hasn't exhausted his administrative remedies.

BACKGROUND

On August 24, 2015, a jury convicted Jefferson of one count of conspiracy under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(d), and one count of possession of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). *United States v. Jefferson*, 14-cr-20119 (E.D. Mich.), Dkt. 367. On April 19, 2016, Jefferson

received a total term of imprisonment of 360 months' imprisonment, which consisted of 300 months on the RICO count and a consecutive 60-month sentence on the § 924(c) charge. Dkt. 461 in the '20119 case, at 2. Jefferson was remanded to the custody of the United States Marshal on that date. *Id.* On April 25, 2016, Jefferson filed a notice of appeal. Dkt. 462 in the '20119 case. Jefferson alleges that he was transferred to FCI Beckley on June 8, 2016.

Jefferson's convictions and sentence were initially affirmed in March 2018 by the Sixth Circuit Court of Appeals, but, in June 2019, the U.S. Supreme Court vacated the judgment and remanded the case to Sixth Circuit for further consideration light of *United States v. Davis*, 588 U.S. 445 (2019). *United States v. Johnson*, 726 F. App'x 393, 411 (6th Cir. 2018), *cert. granted, judgment vacated sub nom. Jefferson v. United States*, 588 U.S. 918 (2019). On November 12, 2019, the Sixth Circuit remanded the case to the district court for resentencing. Dkt. 555 in the '20119 case. Jefferson alleges that, in November 2019, he arrived at his "official detention facility," which he fails to specify. Dkt. 1 at 7.

On September 30, 2021, Jefferson was resentenced to 300 months' imprisonment on the RICO count, and the § 924(c) count was dismissed. Dkt. 618 in the '20119 case, at 1–2. Jefferson alleges that he returned to FCI Beckley on April 7, 2022. Jefferson is now housed at FCI Oxford, and he has a projected release date of September 12, 2033.

ANALYSIS

Jefferson's petition is not clearly articulated. I take Jefferson to contend that BOP officials are denying him FSA credit that he's otherwise earned based on an incorrect determination of the date on which his term of imprisonment commenced. Jefferson suggests that, to determine that date, BOP officials relied on 28 C.F.R. § 523.42(a) even though this

2

regulation is inconsistent with the FSA's plain language. *See* 18 U.S.C. § 3585(a). Jefferson says that he initially pursued an administrative remedy, but he concedes that he didn't complete the process by appealing to the BOP's central office. Dkt. 1 at 5.

Courts generally require a prisoner to exhaust the BOP's administrative remedy program before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); 28 C.F.R. §§ 542.14(a), 542.15(a). The issue that Jefferson raises requires detailed factual determinations about his custodial history and eligibility for time credits, which the BOP is charged with calculating. *See Casseus v. Emmerich*, No. 24-cv-776-jdp, 2024 WL 4987278, at *1 (W.D. Wis. Nov. 15, 2024). The petition is not, as Jefferson contends, limited to a pure question of statutory interpretation. Jefferson must exhaust the remedies available to him within the BOP before turning to the court for relief, and he has plenty of time to do so.

ORDER

IT IS ORDERED that:

1. Petitioner Ramiah Jefferson's petition, Dkt. 1, is DISMISSED without prejudice for failure to exhaust administrative remedies.

2. Petitioner is to be recaptioned as "Ramiah Jefferson."

3. The clerk of court is directed to enter judgment and close the case.

Entered November 24, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge